IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:94cr62-MHT |
| | ) | (WO) |
| FRANK SOWERS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pending before this court (Doc. No. 1900) is a pleading styled as a "Motion for Relief

from Judgment or Order, Federal Rules of Civil Procedure Rule 60(b)," filed by federal

inmate Frank Sowers ("Sowers") on June 7, 2007.[1]  In his motion, Sowers asks this court to

vacate a judgment entered on October 20, 2003, in which this court denied Sowers's 28

U.S.C. § 2255 motion challenging his 1994 convictions and sentence for controlled

substance offenses.  Sowers contends that the deficient performance of the counsel who

represented him during an evidentiary hearing on his § 2255 motion constitutes

"extraordinary circumstances" justifying relief under Fed.R.Civ.P. 60(b)(6).  For the reasons

now discussed, the court concludes that Sowers is not entitled to any relief.

**I.  DISCUSSION**

Sowers argues that the court-appointed counsel who represented him during the

hearing on his § 2255 motion rendered ineffective assistance by failing to obtain the

---

[1]Although Sowers's motion is date-stamped "received" on June 13, 2007, under the "mailbox rule," the court deems his motion filed on June 7, 2007 – the date Sowers represents that he delivered his motion to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11ᵗʰ Cir. 2001).

testimony of the Assistant United States Attorney ("AUSA") who prosecuted his case. According to Sowers, testimony from the AUSA would have provided material support for claims raised in his § 2255 motion that his trial counsel had improperly advised him about the maximum sentence he could receive upon conviction, resulting, Sowers says, in his rejection of a plea offer that provided for a sentence substantially shorter than the 30-year sentence that was ultimately imposed upon his conviction in a jury trial.[2]

In his § 2255 motion, which was filed on September 17, 1999 (Doc. No. 1301), Sowers alleged that his trial counsel "assured petitioner that his maximum sentencing exposure, should he be convicted by a jury, was twelve (12) years incarceration, and ... [counsel] did not advise accepting the plea offer." Sowers further alleged that trial counsel's advise "adversely influenced ... [him] to go to trial in the face of overwhelming evidence." Sowers maintained that if he had know his true sentencing exposure, "he never would have proceeded to trial in this matter." On these claims of trial counsel's ineffective assistance, this court held an evidentiary hearing on June 18, 2003. On July 17, 2003, the magistrate judge entered a recommendation analyzing Sowers's claims and recommending that his § 2255 motion be denied (Doc. No. 1673). On October 20, 2003, the district court entered a judgment adopting the magistrate judge's recommendation and denying the § 2255 motion (Doc. Nos. 1730 & 1731).

---

[2]Sowers states that, prior to the evidentiary hearing on his § 2255 motion, he asked his habeas counsel numerous times, by mail, phone, and in person, to obtain the testimony of the AUSA. (Doc. No. 1901 at 5.) He maintains that counsel's failure to do so amounted to "inexcusable neglect." (*Id*. at 6.)

Resolution of the ineffective-assistance claims in Sowers's § 2255 motion depended in part on this court's credibility determinations with respect to Sowers's trial counsel and Sowers, both of whom testified at the evidentiary hearing.  In the instant motion, Sowers contends that testimony from the AUSA, if presented at the hearing on his § 2255 motion, would have contradicted his trial counsel's hearing testimony and could have influenced this court to make its credibility determinations in Sowers's favor, rather than trial counsel's, resulting in a reasonable likelihood that Sowers would have been granted relief on the ineffective-assistance-of-counsel claims presented in his § 2255 motion.

This court notes that there is no constitutional right to counsel in federal habeas corpus.  *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991).  Sowers was appointed counsel in the proceedings on his § 2255 motion pursuant to Rule 8(c) of the *Rules Governing Section 2255 Proceedings before the United States District Courts*, which provides for appointment of counsel for evidentiary hearings on § 2255 claims.  Therefore, the right to counsel that Sowers's invokes in the instant motion is not rooted in the Constitution.

As indicated above, Sowers maintains that his habeas counsel's allegedly ineffective assistance in failing to obtain the testimony of the AUSA constitutes "extraordinary circumstances" justifying relief under Fed.R.Civ.P. 60(b)(6).  He argues that this court has authority to consider his motion under Rule 60(b) without authorization from the Court of Appeals under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), because his instant allegations regarding his habeas counsel's performance challenge the integrity of the proceedings on his

3

§ 2255 motion, and not the substance of this court's resolution of the merits of the claims presented in his § 2255 motion.

In *Gonzalez*, the Supreme Court held that when a Rule 60(b) motion actually "attacks, not the substance of the federal court's resolution of a [habeas] claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion is a proper Rule 60(b) motion, and the district court need not obtain the prior authorization from the Court of Appeals that is required for a second or successive habeas petition. *Gonzalez*, 545 U.S. at 532; *see* 28 U.S.C. § 2244.[3]  Nevertheless, the Supreme Court drew a sharp distinction between motions pointing to some defect in the integrity of the federal habeas proceedings and motions seeking to vacate habeas judgments in order to relitigate or add claims that, at bottom, attack the legality of a petitioner's conviction and sentence. *See id.* at 531-32.  Only the former are properly pursued through Rule 60(b); the latter are not.[4]  As the Court explained, "[u]sing Rule 60(b) to present new claims for relief from a ... judgment of

_____

[3]The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255 ¶8.

[4] The Supreme Court in *Gonzalez* specifically addressed habeas proceedings challenging state-court convictions under 28 U.S.C. § 2254.  However, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.  See *El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id*. at 531.  Thus, the Court held that a nominal Rule 60(b) motion is in effect a second or successive habeas petition when it "seeks vindication of" or "advances" one or more "claims." *Id*. at 531-32.  "A motion can ... be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits." *Id*. at 532.

The Supreme Court in *Gonzalez* made explicit, in terms particularly relevant to Sowers's instant motion, that an attack on a habeas judgment "based on the movant's own conduct, *or his habeas counsel's omissions*, ordinarily does not go the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 n.5 (citations omitted; emphasis added).  The instant motion, though styled as a motion for relief under Fed.R.Civ.P. 60(b) and purporting to attack the integrity of the previous habeas proceeding, actually seeks to advance claims regarding the performance of Sowers's trial counsel that this court previously considered and denied on substantive, constitutional grounds, i.e., "on the merits."  This court agrees with the government's argument that "[t]he whole point of [Sowers's motion] is to present additional evidence to the Court in support of his original claim for relief."  (Doc. No. 1903 at 5.)  As such, "[Sowers's] claim in this case does not call into question the legitimacy of his representation.  It only challenges the presentation of the evidence by his [habeas] counsel,

5

which does not affect the integrity of the proceedings." (*Id.*)

The instant motion is therefore a second or successive habeas petition. It makes no difference that the motion itself does not *purport* to attack this court's substantive analysis of Sowers's habeas claims but, instead, purports to raise a defect in the integrity of the habeas proceedings, namely habeas counsel's failure to obtain the testimony of the AUSA. All that matters is that Sowers is, in actuality, "seek[ing] vindication of" or "advancing" claims by taking steps that lead inexorably to a merits-based attack on the prior dismissal of his habeas petition. *See Gonzalez*, 545 U.S. at 531-32.

The record in this case reflect that Sowers has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks jurisdiction to consider Sowers's present motion, the practical equivalent of a successive § 2255 motion, and the motion is due to be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Sowers on June 7, 2007, be denied and this case dismissed, as Sowers has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court

to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 30, 2007**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 16th day of July, 2007.


        _____/s/Charles S. Coody_____
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE